Number 20-2984 Eastern Arkansas. Sahara Burton v. Nilkanth Pizza at all. Robert Steinmuck for appellate. Let's see, where's Mr. Vandiver? I don't have... Brian Vandiver for the appellate. Is your camera on? I'm not... I'm not getting you here. Oh, there we go. Oh. Switch it to gallery. Well, Mr. Steinmuck, you're up first, so please proceed. Yes, sir. Robert Steinmuck for Sahara of fees from Judge Wilson. In this case, Judge Wilson committed five reversible errors. First, he disallowed all billing by the named partner, managing partner of the law firm handling the case. However, that is unreasonable and reversible because it's improper not to allow Mr. Sanford to read the filings with his name, and it's unreasonable for him not to be allowed to prior to Mr. Vandiver joining the case, had two attorneys on the case, a partner and an associate, much like was the case for a plaintiff here. Second error, Judge Wilson reduced the attorney hourly rate for both the attorneys on this case to an amount less than he awarded both of these partners. The managing partner shouldn't be entitled to charge because the associate had gained significant experience or had significant experience. Well, indeed, he had twice the experience that he had when Judge Wilson awarded a higher hourly rate. That's unreasonable. That's an abuse of discretion. Three, Judge Wilson disallowed all billing on the summary judgment motion, calling it premature and a waste of time, notwithstanding that the summary judgment motion was filed literally the day before briefing was to end. It could not have been filed any later than one day later, and it only started to be drafted two days prior for a total of nine hours of billing. So even if Judge Wilson somehow felt that nine hours of billing is excessive for a challenging thought, nonetheless, it's certainly not entitled to zero billing whatsoever. Fourth, Judge Wilson also disallowed all billing connected with all unsuccessful motions and responses to motions, even though the legal standard is whether or not the motion or the response was reasonable at the time it was made. Indeed, most of what legal standard are you referring to, counsel? The standard on awarding attorney's fees is not whether or not an individual motion had succeeded. The standard is whether or not the plaintiff prevailed. When you talk about a standard and where this is abuse of discretion review, I want to know where are you? Are you looking at a statute or a regulation or a Supreme Court case or what? I'm looking at cases from the Missouri 127F3709. For that issue, whether or not you succeeded on a motion, most of the issues were intramural rulings regarding whether the defendant should be entitled to a series of extensions and continuations, and ultimately the Sanford Law Firm decided to oppose some of those. Judge Wilson ruled against them, but the Sanford Law Firm was entirely reasonable in proposing those motions, and now the standard ultimately that Judge Wilson applied is that not only do you lose on the motion, having lost on the motion, you don't get any attorney's fees for that. Finally, the last issue that is an abuse of discretion is when Judge Wilson arbitrarily denied 12 minutes of billing for legal research because the defendant filed a last-minute jury demand well after the time allowed by the Federal Rules of Civil Procedure, Rule 38, and counsel decided to investigate whether or not to oppose that. Discovered, by the way, that the Federal Rule does not permit that late filing for a jury demand, but also discovered that Judge Wilson routinely ignores that rule, and we decided, therefore, not to oppose that motion, and obviously, we're not arguing about the literally $35 in attorney's fees, but it highlights the improper intermingling in counsel's billing by the district court. As discussed, Your Honors, this is the third case that this court is hearing about Judge Wilson's award of attorney's fees to the Sanford Law Firm. In the Vines case, this court very recently stated in a remarkably restrained statement, no less, quote, based on the record before us, it's unlikely that a $1 attorney's fee is reasonable. The plaintiffs obtained an almost $270,000 settlement, and the Sanford Law Firm... I think the Supreme Court said that in Farrar decades ago. Yeah, go ahead. Inappropriate case, sometimes the proper fee is no fee. The court in Vines, I believe, this court said that the statute awards fees for the reasonable hours expended, so I don't think that... I mean, of course, there's an opportunity for no fee. So your argument is that Farrar does not apply to this statute? No, I'm afraid I don't know the details of Farrar. What I'm saying is my understanding of this statute... It's a very famous and controversial statement by, I think, a pretty big majority of the Supreme Court. I assure you, Your Honor, my ignorance has no bounds, and this is included within that area. You've read the case, counsel. I most certainly have, but I can't speak to it specifically. I apologize. What I can tell you is that the statute here awards attorneys fees for reasonable work, and there's no doubt that in this case, as well as the two prior cases that this court has already reversed Judge Wilson on, the Sanford Law Firm did reasonable work. In fact, in that Vines case, when Judge Wilson ordered $1 and this court reversed, Judge Wilson said, well, if it gets reversed, I'll give $25,000. 14 minutes after the entry of this court's mandate, Judge Wilson issued a 29-page order awarding $500, not the $25,000 that he promised, $500. And in that order, he said, by the way, if this one goes up on appeal as well, and the court doesn't like the $500, I'll award $14,000. So that's four different awards in one case by Judge Wilson. I'll also note, by the way, in the two cases that this court has already reversed Judge Wilson on fees against the Sanford Law Firm, on the panel in each case was one of the two attorneys, excuse me, one of the two judges on your court from Little Rock. In addition to the Vines case- What was the other case that you're referring to other than Vines? The Jones case. The Jones case, this court in a procuring opinion, which included Judge Arnold, excuse me, reversed the three-sentence order from Judge Wilson. There's yet another- What year is Jones? I'm not familiar with Jones. 15. Sorry, sorry. 15, 2015. So that was six years ago. Yeah. And wasn't the holding in Vines simply that the judge was required to go through the lodestar analysis before coming to a fee award? Wasn't that the basis for the remand? That's essentially right, yes, sir. So what does that have to do with this case? All three of these cases, and one more case that is now up on appeal but not yet complying with the statute when it comes to awarding fees to the Sanford Law Firm, and as explicitly stated, his antagonism towards the Sanford Law Firm's billing practices. The other case, by the way, it's called the Skender case. You haven't seen it yet. The notice of appeal has been filed, but it has not been briefed yet. Judge Wilson, yet again, awarded $1 in fees to the Sanford Law Firm. Now, under these circumstances, these decisions are unreasonable and, therefore, constitute an abuse of discretion. The court must, therefore, reverse. This court could award the fees. If the court doesn't award the fees directly, we request, and we believe it appropriate, to remand to an alternative judge because, if reversed, that would be three reversals against Judge Wilson in terms of his award of attorney's fees for the Sanford Law Firm. I'd like to reserve the remainder of this time plus my two minutes for rebuttal. Wait, wait. You have 39 seconds left. Where did this all come for two minutes? Oh, I thought the clock, I didn't see the beginning. I thought the clock had the eight minutes and then the two. My apologies. No, sir. No, sir. Not ever. My apologies. I reserve my 39 seconds for rebuttal. Mr. Van Diver? Good morning, your honors. Is your camera on? Yes, your honor. Can you see me? I can't. Hit the three dots. And then do a layers gallery. Can I get it? So, click. We join. Well, I don't, I think I, Mr. Van Diver speak. I think I can hear you. I can't. I don't have your. Good morning, your honors. Can you hear me clearly? Yes, I'm not going to. I'm not going to rejoin in order to get to get to see you. But I've got a big DV, but no. But go ahead. Go ahead. Well, I put on my good tie for you this morning, Judge. I can see it. I can see the red, red and black stripes. Good morning and may it please the court. My name is Brian Van Diver. I represent the happily in this case, the employer and make no mistake. Your honors, this case is not about. The approximate $5000 difference in fees that the district court awarded and what plaintiff's counsel is now requesting. This case is much larger in principle. And as Judge Colton aptly noted in his dissent in the Vines case. This case like vines is also about a stain on our judicial system. But as Judge Colton just noted a moment ago, this case is dislike vines. Because in our case, Judge Wilson did go through the Lone Star method. He did calculate the reasonableness of the hours and the time expended. And he used his broad discretion to reduce that fee request because of his findings on the conduct and billing practices of plaintiff's counsel. And as Judge Colton noted in the Westcott case in his dissent, this 8th Circuit has endorsed that type of fee reducal in the Lone Star method. This court should approve, embrace and applaud the use of discretion by district court judges to reduce fee awards for abuse of attorney conduct and billing practices as in this case. In this one, what was abusive about the summary judgment motion? I have trouble seeing what else the plaintiffs were to do if they were coming up on the motion deadline. There doesn't seem to be an explanation beyond the judge says if the trial were imminent and defendants refused to negotiate, the motion might have become necessary. But I wondered if that overlooked the motion deadline. Could they really have waited until trial? Wouldn't the motion have been untimely? Well, your honor, you certainly raise a valid point that the motion deadline was the day after the motion was filed, the first motion. And of course, that motion was filed two and three times again after our firm entered the case. I think Judge Wilson's analysis was that the motion in itself was not necessary because the issue was simply a damages issue. That issue could have been resolved without the necessity of an exhaustive motion and been handled more informally with an email from counsel. You mean by just saying we'll accept the amount that was later the offer in judgment or something like that? Correct, your honor. Well, there was some settlement correspondence in the billing records before the motion was filed. Does the record show what was the nature of that communication? It does not, your honor, and that preceded my appearance in the case. I joined the case, I believe, in the month of May. I guess I could see if the judge said, well, that was an exorbitant demand and therefore, since you didn't make a reasonable demand, your motion was unnecessary. That's not really the rationale given. The rationale is just trial wasn't imminent. What I can tell you is that the demand for fees after the offer of judgment was still at $11,000, as that is noted in the record in Judge Wilson's order. Certainly, I don't think the demand prior to that would have been anything less than that. I see. You're saying the fee demand was $11,000 later? Correct. We don't know, though. All right, go ahead. As I mentioned, Judge Colleton's dissent noted the Westcott case. I think that contract case should be applied to FLSA cases and allow district courts the discretion to reduce fee awards in this type of way. This should be encouraged so that the district courts have the tools, have the ability to clean the stain on our judicial system. I think Judge Loken noted the Farrar case. While I agree with that principle that in certain cases, no fee or $1 fee could be appropriate, that's not what happened in this case. Judge Wilson said, I'm going to award you a little less than $3,000 in fees, which, by the way, is less than what we offered, $3,500 in fees. And that was Judge Wilson's discretion, and rightly so. Again, I think to send a message to the district courts that using that discretion to reduce fee awards in these types of cases would be counterproductive to their power as district judges and counterproductive to helping clean the stain on the judicial system. Well, counsel, I know we're deep in the details, but the oppositions, I think the only reason the district court gives is plaintiff was not successful on either of these issues. That's a theme, too. That's not the legal standard, correct? Are you referencing the motions for extensions and continuances, Your Honor? Yes, correct. That's the 1.6 hours. Go ahead. Yes, Your Honor. I think it's 1.6 hours for the motions of extensions and continuances. I agree that the standard is not success or failure on the work. I think Judge Wilson's take on it was that the opposition, when they did oppose the request, was, again, unreasonable, unprofessional, and knowing that Judge Wilson likely would have granted those extensions anyway. Well, but of course, page eight of the order doesn't say that. And also on the summary, Judge, I'm sorry, on the two-tenths hour in the jury trial, I said the wrong thing. I'm just saying a seasoned lawyer should be familiar with it. Don't you think 12 minutes to look at a rule is reasonable? Well, Your Honor, I don't want to be put in a box between a rock and a hard place of calling Judge Wilson unreasonable. I certainly wouldn't do that. But I think in his determination, he felt that lawyers in Arkansas that routinely practice in front of him know that he's going to grant a request for a jury demand. Where's the record show that the lawyers would have known that even though it was an untimely demand, that there was no need even to look into whether they should challenge it? Other than Judge Wilson's order, I don't believe that there is anything other than his order. He's just saying, I routinely allow these untimely demands and the lawyers would know that because they regularly practice here? Yes, Your Honor. There's not a local court ruling as their counsel, I'm assuming. No, Your Honor. Yeah, I mean, it could be case by case, couldn't it? If the demand is untimely, isn't it reasonable to object to it? Even if the judge could allow it anyway, I suppose, but query why it's unreasonable to ask for enforcement of the rule. I think the big picture with Judge Wilson's order is, again, focused back on the unprofessional billing practice and conduct of this firm. While if a different firm were handling this case and not engaging in that type of conduct, I might agree that certainly that would be reasonable. But in Judge Wilson's determination, it was his discretion to reduce the fee award in an attempt to deter this conduct. Again, I would say that this case is different than Vines because, as Judge Colleton noted, Vines was simply telling Judge Wilson he needed to go through the Lodestar method. Here, he did go through that method and examined the hours and the rates and exercised his discretion to reduce the fee award. That discretion should be supported. It should be encouraged. And I hope the court takes this opportunity to allow district courts to do that. I'd be happy to answer any further questions. Very good. Thank you for rebuttal. Your Honor, I'm sorry. Your Honor, simply, I know that defendant hasn't challenged specifically any of the five points that I've raised. And I just want to highlight that in the summary judgment motion that the judge said we should not have filed, the Sanford law firm asked for less money than it ultimately got in settlement, indicating that that motion itself was far from unreasonable. That's all I have. Thank you, counsel. That case has been well briefed and argued and we'll take it under advisement.